# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

MORTEZA S. HOSSEINIPOUR,

        Petitioner,           :    Case No. 2:15-cv-2934

    - vs -                    District Judge James L. Graham
                             Magistrate Judge Michael R. Merz

RHONDA RICHARD, Warden,
  MADISON Correctional Institution
                          :
        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Morteza S. Hosseinipour with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 2), the Return of Writ (ECF No. 11), and Petitioner's Reply (ECF No. 31). The Magistrate Judge reference in the case has been transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 32).

**Procedural History**

Hosseinipour was indicted by the Delaware County, Ohio, grand jury on three counts of unlawful sexual conduct with minor, a second degree felony (R.C. 2907.04(A)) (Counts 1-3); three counts of illegal use of minor in nudity-oriented material or performance, a second degree felony (R.C. 2907.323(A)(1)) (Counts 4, 6, and 8); three counts of illegal use of a minor in nudity-oriented material or performance, a fifth degree felony (R.C. 2907.323(A)(3)) (Counts 5,7 and 9); and rape

(R.C. 2907.02(A)(2)) (Count 10). (Indictment, State Court Record, ECF No. 11-1, Exhibit 3, PageID 114-19.)

After plea negotiations, Hosseinipour entered an *Alford* no contest plea[1] to attempts to commit the crimes alleged in Count Four and Six and the remaining counts were dismissed. (State Court Record, ECF No. 11-1, Exhibit 23, PageID 242-47.) Overruling a motion to merge the remaining counts under Ohio Revised Code § 2941.25, the trial judge sentenced Hosseinipour to twenty-four months incarceration on each count, to be served concurrently. Hosseinipour appealed to the Fifth District Court of Appeals, which affirmed. *State v. Hosseinipour*, 5th Dist. Delaware No. 13 CAA 050046, 2014-Ohio-1090, (Mar. 18, 2014), appellate jurisdiction declined, 139 Ohio St.3d 1485 (2014).

Hosseinipour filed his Petition in this Court on October 21, 2015, pleading the following Grounds for Relief:

> **GROUND ONE**: The trial court erred to the prejudice of appellant in denying appellant's motion to dismiss these counts of the indictment. The charges are so ill–defined that the defendant does not know what he is defending against, in violation of his 5th and 6th amendment rights and the statutes are vague, overbroad and unconstitutional. In the event that this court finds that the state does not have to prove that an element of the "nudity" must refer to a "lewd exhibition of the genitals" (as demanded, for example, in State v. Kerrigan, 168 Ohio App.3d 455, 2006–Ohio–4279), then the statutes R.C. 2907.323(A)(1) and (A)(3) are unconstitutional in their vagueness and overbreadth.

> **GROUND TWO:** The trial court erred to the prejudice of appellant when it found the defendant–appellant guilty of these two amended counts of the indictment when said findings were not supported by sufficient evidence, were against the manifest weight of the evidence, and the trial court applied an incorrect legal standard in evaluating the evidence. Holding these photos to have "lewd content" and illegal to "recklessly possess" or "recklessly transfer," is both wrong and unconstitutional. This action was in violation of

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

appellant's 5th and 14th Amendment rights, and further violated his rights under the equal protection clause.

**GROUND THREE:** The trial court erred to the prejudice of appellant when it permitted the selective or discriminatory enforcement of a penal statute, in violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution as well as the due course of law provision and Article I Section 16 of the Ohio Constitution. Sec. 2907.323(A)(1) is unconstitutional not just "on its face," but "as applied."

**GROUND FOUR**: The trial court erred to the prejudice of Appellant when it denied his motion to suppress the evidence seized during the search of the appellant's home and search of the appellant's computers and P.D.A. The searches conducted exceeded the scope of the authority granted by the warrants, the warrants were otherwise defective, and there was no consent to search. The searches violated the defendant's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14, of the Ohio Constitution and further violated Criminal Rule 41 and R.C. 2933.23, 2933.24, and 2933.25."

**GROUND FIVE:** The trial court erred to the prejudice of defendant by sentencing the defendant to 2 years on each F3, completely ignoring the P.S.I. This sentence violated defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, §§ 1, 5, 9, 10, and 20 of the Ohio Constitution.

**GROUND SIX**: The statutes R.C. 2907.323(A)(l) and (A)(3) are unconstitutional in their vagueness and overbreadth.

**GROUND SEVEN:** There is no coherent objective legal standard to evaluate this kind of evidence, in violation of appellant's 5th and 14th Amendment rights, and his rights under the equal protection clause. Holding these photos to have "lewd content" and illegal to "recklessly possess" or "recklessly transfer" is both wrong and unconstitutional.

**GROUND EIGHT:** The selective or discriminatory enforcement of a penal statute violates the equal protection clause of the Fourteenth Amendment to the United States Constitution as well as the due course of law provision and Article I Section 16 of the Ohio Constitution. Sec. 2907.323(A)(l) is unconstitutional not just "on its face," but "as applied."

**GROUND NINE:** Searches conducted which exceed the scope of the authority granted by the warrants, where the warrants were "general warrants" and otherwise defective, where they failed the particularity requirement, and were based on prior illegal manipulation of computers, and where there was no consent to search violate a defendants rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14, of the Ohio Constitution and further violate Criminal Rule 41 and R.C 2933.23, 2933.24, and 2933.25.

**GROUND TEN:** Searches conducted which exceed the scope, place and time of the authority granted by the warrants violate a defendants [sic] rights secured by the Fourth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 14, of the Ohio Constitution and further violate Criminal Rule 41 and R.C 2933.23, 2933.24, and 2933.25

**GROUND ELEVEN:** The charges for which petitioner was convicted are allied offenses and should have merged. The sentence violates his Fifth, Sixth and Eighth Amendment Rights.

(Petition, ECF No. 2, PageID 20, 23, 25, 27-28, 32-34, 36, 38-40.)

# Analysis

## Grounds One, Three, and Six: Unconstitutionality of the Relevant Statute for Vagueness and Overbreadth

In his First Ground for Relief, Hosseinipour claims the statute under which he was convicted, Ohio Revised Code § 2907.323, is unconstitutionally vague and overbroad. In Ground Three in part he claims the statute is unconstitutional on its face. In Ground Six he repeats his claim that the statute of conviction as well as Ohio Revised Code § 2907.323(A)(l) are vague and overbroad. (Petition, ECF No. 2, PageID 20, 33.)

Respondent defends these Grounds on the merits (Return of Writ, ECF No. 11, PageID 84-94.) They were raised in the Fifth District on direct appeal as the First Assignment of Error and

decided as follows:

{¶ 9} Appellant claims the trial court erred in denying his motion to dismiss the illegal use of a minor in nudity oriented material or performance counts because the statute, R.C. 2907.323, is unconstitutionally vague and overbroad. We disagree.

{¶ 10} Appellant pled to two counts of attempted illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(1) and 2923.02(A) which state the following, respectively:

(A) No person shall do any of the following:

(1) Photograph any minor who is not the person's child or ward in a state of nudity, or create, direct, produce, or transfer any material or performance that shows the minor in a state of nudity, unless both of the following apply:

(a) The material or performance is, or is to be, sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance;

(b) The minor's parents, guardian, or custodian consents in writing to the photographing of the minor, to the use of the minor in the material or performance, or to the transfer of the material and to the specific manner in which the material or performance is to be used.

[Ohio Revised Code § 2923.02(A)]

(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.

5

{¶ 11} Appellant's convictions for attempted illegal use of a minor in nudity oriented material or performance stemmed from two photographs sent to him from a fifteen year old girl. One photograph depicted the girl topless, and the second photograph depicted an exposed nipple. The core of appellant's argument is that the holding in *Osborne v. Ohio*, 495 U.S. 103, 110 S. Ct. 1691, 109 L. Ed. 2d 98 (1990), in "defining" the phrase "state of nudity," requires a "lewd exhibition of the genitals" and in this case, there is no such showing in the two photographs. Appellant's Brief at 5. In our reading of *Osborne*, we find this argument to be flawed.

{¶ 12} In *Osborne*, the United States Supreme Court specifically found Ohio's statute, R.C. 2907.323, passed constitutional muster on all issues of vagueness and overbreadth, and was not an unconstitutional violation of the First Amendment. The *Osborne* court did not review R.C. 2907.323(A)(1), the subsection appellant pled to, but subsection (A)(3) which states the following:

(A) No person shall do any of the following:

(3) Possess or view any material or performance that shows a minor who is not the person's child or ward in a state of nudity, unless one of the following applies:

(a) The material or performance is sold, disseminated, displayed, possessed, controlled, brought or caused to be brought into this state, or presented for a bona fide artistic, medical, scientific, educational, religious, governmental, judicial, or other proper purpose, by or to a physician, psychologist, sociologist, scientist, teacher, person pursuing bona fide studies or research, librarian, member of the clergy, prosecutor, judge, or other person having a proper interest in the material or performance.

(b) The person knows that the parents, guardian, or custodian has consented in writing to the photographing or use of the minor in a state of nudity and to the manner in which the material or performance is used or transferred.

{¶ 13} Both subsections refer to a "state of nudity." Although we are only concerned with a violation under R.C. 2907.323(A)(1), we find the *Osborne* case to be definitive and binding upon the constitutional

issues presented *sub judice*. In *State v. Graves*, 184 Ohio App.3d 39, 2009-Ohio-974 (4th Dist. 2009), ¶ 9, out [sic] brethren from the Fourth District stated the following:

> Before we go further, we point out that both *Young* and *Osborne* involved R.C. 2907.323(A)(3), not subsection (A)(1). However, this fact makes no difference for purposes of our analysis. This court has previously held that the same "lewd" or "graphic focus on the genitals" that both Supreme Courts applied to an (A)(3) offense applies equally to an (A)(1) offense. See *State v. Walker* (1999), 134 Ohio App.3d 89, 94, 730 N.E.2d 419; *State v. Steele* (Aug. 2, 2001), Vinton App. No. 99CA530, 2001 Ohio App. LEXIS 3461, 2001 WL 898748.

{¶ 14} The *Osborne* holding gives a green light to Ohio's statutory scheme:

> The Ohio statute, on its face, purports to prohibit the possession of "nude" photographs of minors. We have stated that depictions of nudity, without more, constitute protected expression. See *Ferber* [*New York v*., 458 U.S. 747], *supra*, at 765, n. 18, 102 S.Ct., at 3359, n. 18. Relying on this observation, Osborne argues that the statute as written is substantially overbroad. We are skeptical of this claim because, in light of the statute's exemptions and "proper purposes" provisions, the statute may not be substantially overbroad under our cases.***However that may be, Osborne's overbreadth challenge, in any event, fails because the statute, as construed by the Ohio Supreme Court on Osborne's direct appeal, plainly survives overbreadth scrutiny. Under the Ohio Supreme Court reading, the statute prohibits "the possession or viewing of material or performance of a minor who is in a state of nudity, where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals, and where the person depicted is neither the child nor the ward of the person charged." 37 Ohio St.3d, at 252, 525 N.E.2d, at 1368.***By limiting the statute's operation in this manner, the Ohio Supreme Court avoided penalizing persons for viewing or possessing innocuous photographs of naked children. We have upheld similar language against overbreadth challenges in the past. In *Ferber*, we affirmed a conviction under a New York statute that made it a crime to promote the "'lewd exhibition of [a child's] genitals.'" 458 U.S., at 751, 102 S.Ct., at 3351. We noted that "[t]he

> term 'lewd exhibition of the genitals' is not unknown in
> this area and, indeed, was given in *Miller [v. California*,
> 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973),] as an
> example of a permissible regulation." *Id.*, at 765, 102 S.Ct.,
> at 3359.

> *Osborne*, 495 U.S. 103 at 112-114, 110 S. Ct. 1691, 109 L. Ed. 2d
> 98.

> {¶ 15} Upon review, we find R.C. 2907.323(A)(1) is constitutional,
> and the prohibited activity bans lewd exhibition with no necessity to
> establish the exhibition of genitals.

*State v. Hosseinipour, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. ' 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Respondent claims the Fifth District's decision is entitled to deference under this standard.

The question before this Court, then is whether or not the Fifth District's application of *Osborne* is objectively unreasonable. Petitioner's counsel does not address that question. She argues at length that that the majority in *Osborne* was wrong by quoting verbatim three pages of Justice Brennan's dissent in that case (Traverse, ECF No. 31, PageID 1118-21). That surely establishes that a reasonable jurist (William Brennan) not only could but did disagree with the majority decision. But the negative implication of Justice Brennan's dissent is that the majority decision in *Osborne*, which the Fifth District followed in this case, is different from and indeed the opposite of Justice Brennan's opinion. That is, while Justice Brennan's opinion may be in itself quite reasonable, District Courts in habeas corpus cases are not permitted to decide that a

Supreme Court dissent is more reasonable than the majority opinion. Rather, we must follow the majority. We are not even authorized to decide that the state court was wrong. We may only grant the writ if the state court's interpretation of Supreme Court precedent was objectively unreasonable.

Moreover, the *Osborne* majority was following the Ohio Supreme Court's interpretation of these statues in *State v. Young,* where the Ohio court narrowed the definition of nudity in the statute to cover only situations "where such nudity constitutes a lewd exhibition **or** involves a graphic focus on the genitals." 37 Ohio St. 3d 249, 252 (1988) (emphasis supplied), rev'd in part on other grounds in *Osborne*, 495 U.S. 103. In other words, the Supreme Court of the United States accepted, as it properly should have, Ohio's interpretation of its own statutory law and found that law constitutional upon that interpretation. A state court's construction of state law is binding on the federal courts in habeas. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

It is clear from the Fifth District's findings that the photographs which are the basis of Hosseinipour's conviction do not have a graphic focus on the genitals. Instead, they were found to be a "lewd exhibition" of a minor in a state of nudity. It is uncontested that the person photographed was a minor at the time the photographs were taken and that the photographs depict "a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple." *Young* construed the statute to cover this conduct, *Osborne* held the statute was not overbroad, and the Fifth District applied both to deny this claim. Because the Fifth District's application of Osborne is reasonable, Grounds for Relief One and Six and the portion of Ground Three claiming the statute is unconstitutional are without merit and should be dismissed.

**Ground Two: Insufficient Evidence, Absence of Manifest Weight of the Evidence, and Equal Protection**

In his Second Ground for Relief, Hosseinipour claims his convictions are based on insufficient evidence and are against the manifest weight of the evidence. He also claims the trial judge applied the incorrect legal standard in convicting him and violated his rights under the Equal Protection Clause. Ground Two is a verbatim copy of the Second Assignment of Error on direct appeal.

Respondent asserts that the manifest weight portion of Ground Two does not state a claim cognizable in habeas corpus (Return of Writ, ECF No. 11, PageID 73.) Petitioner does not respond to this argument and it is clearly well taken. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Respondent asserts that the insufficient evidence claim, although presented to the Fifth District, was not preserved by including it in the appeal to the Supreme Court of Ohio (Return of Writ, ECF No. 11, PageID 74.) That assertion is confirmed by examining Hosseinipour's Memorandum in Support of Jurisdiction, which does not include an insufficiency of the evidence proposition of law (State Court Record, ECF No. 11-1, Exhibit 36, PageID 541.)

Petitioner's Traverse contains a 25-page disquisition on the law of procedural default generally, but does not address the procedural default that occurs when an issue raised on direct appeal to the intermediate court of appeals is not presented to the state supreme court. But the Supreme Court of the United States has expressly held that failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (citations omitted). Hosseinipour's insufficient evidence claim should be dismissed as procedurally defaulted.

It is difficult to understand what is being claimed in the balance of Hosseinipour's Second

Ground for Relief. The Fifth District decided this portion of the Second Assignment of Error as follows:

> {¶ 19} It is appellant's position that the two photographs do not show sexual activity or a lewd exhibition of genitals. Appellant again argues there must be proof of "lewd exhibition of genitals" when the statute does not require such. It is clear that *Osborne* found the statute constitutional as written, including the mens rea of recklessness, and dispelling the argument that there are no innocent photographs of childhood nudity i.e., "a family friend's possession of an innocuous picture of an unclothed infant." *Osborne*, 495 U.S. 103 at 115, 110 S. Ct. 1691, 109 L. Ed. 2d 98 and fn. 11.
>
> {¶ 20} The gravamen of this assignment of error is whether the photographs depict nudity in a lewd exhibition.
>
> {¶ 21} The photographs, State's Exhibit I, were presented to this court under seal. It is clear the photographs depict a partially clothed girl with her breasts exposed.
>
> {¶ 22} R.C. 2907.01(H) defines "nudity" as: "the showing, representation, or depiction of human male or female genitals, pubic area, or buttocks with less than a full, opaque covering, or of a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple, or of covered male genitals in a discernibly turgid state."
>
> {¶ 23} We conclude the photographs depict nudity. As to a lewd exhibition, the subject is posed; therefore, the photographs are an exhibition. The posed partially clothed subject is not in a normally posed fashion. The poses are inherently sexual as the subject arched her back and fully exposed her breasts. These photographs are similar to images portrayed in "Playboy" whose main purpose is to exhibit sexual behavior that approaches sexual innuendo.

*State v. Hosseinipour, supra.*

This non-evidence-weighing portion of Ground Two was preserved on appeal to the Supreme Court of Ohio, but the argument to that Court was essentially the same as in Ground One, to wit, that the Fifth District had misapplied *Osborne* (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11-1, Exhibit 36, PageID 549-51). The core of the

argument is "[b]ecause the two cell-phone photos of S.H. involve innocent partial nudity and involve no abuse of children in their production, they cannot be proscribed under the First Amendment." *Id.* at PageID 550. But the General Assembly has held that posed pictures of nude female breasts of minors are not innocent, the Supreme Court of the United States held in *Osborne* that the General Assembly did not exceed its constitutional powers in making that proscription, and the Fifth District found as a matter of fact that the pictures were posed. Hosseinipour has not shown that the Fifth District's factual conclusion is an unreasonable determination of the facts on the basis of the evidence before it (28 U.S.C. § 2254(d)(2)), or that its legal conclusion is an objectively unreasonable application of *Osborne*. Thus, any portion of Ground Two not procedurally defaulted by failure to appeal to the Ohio Supreme Court should be dismissed on the merits.

**Grounds Three and Eight:  Selective Enforcement**

In his Third Ground for Relief, Hosseinipour claims in part that he is the victim of selective or discriminatory enforcement of the statute. That is, he claims the statute has been unconstitutionally applied to him.[2] The claim is repeated in Ground Eight (Petition, ECF No. 2-3, PageID 25, 33.)

Respondent asserts these claims are procedurally defaulted because they were not raised in the trial court and that they are waived by Hosseinipour's no contest plea (Return, ECF No. 11, PageID 75-79.)

The procedural default doctrine in habeas corpus is described by the Supreme Court as

---

[2] The facial unconstitutionality claim is dealt with *supra* along with Grounds One and Six.

follows:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise, on federal habeas, a federal constitutional rights claim he could not raise in state court because of procedural default. *Engle v. Isaac*, 456 U.S. 107, 110 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 747.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. *E.g.*, *Beard v. Kindler*, 558 U.S. 53, 55, 130 S. Ct. 612, 175 L. Ed. 2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman*, 501 U.S., at 731-732, 111 S. Ct. 2546, 115 L. Ed. 2d 640. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

The United States Court of Appeals for the Sixth Circuit requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). . . .
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . .
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord*: *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

To apply this procedural default law to the Third and Eighth Grounds for Relief, the Court turns first to the Fifth District's decision on the selective enforcement claim (Assignment of Error Three) which was as follows:

> {¶ 26} Appellant claims he was selectively prosecuted. We disagree.
>
> {¶ 27} As the state points out, this issue was never raised to the trial court and therefore, there is no evidence pro or con on the issue of selective or discriminatory prosecution.

{¶ 28} An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Long*. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id*. at paragraph three of the syllabus.

{¶ 29} In *State v. Flynt*, 63 Ohio St.2d 132, 134, 407 N.E.2d 15 (1980), the Supreme Court of Ohio explained the following:

> The conscious exercise of some selectivity in enforcement is not in itself, however, a violation of the United States Constitution. *Oyler v. Boles* (1962), 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446. In order for selective enforcement to reach the level of unconstitutional discrimination the discrimination must be "intentional or purposeful." *Snowden v. Hughes* (1944), 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497. This concept of "intentional or purposeful discrimination" was explained in *United States v. Berrios* (C.A.2, 1974), 501 F.2d 1207, 1211, as follows:
>
>> "To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as 'intentional and purposeful discrimination.'" This test has been recognized by numerous courts. (Citations omitted.)

{¶ 30} With no record established as to prosecutions of R.C. 2907.323 in the county, we are unable to address even the plain error standard.

\* \* \*

{¶ **33**} Upon review, we find appellant was not selectively prosecuted.

{¶ **34**} Assignment of Error III is denied.

*State v. Hosseinipour, supra* (internal citations unaltered).

Applying the *Maupin* analysis, the Court finds first that Ohio has an applicable procedural rule, to wit, that a litigant may not raise on appeal an issue that was not raised in the trial court. Petitioner concedes that "Ohio courts have long held that, as a general rule, an appellate court will not consider an error which the complaining party could have, but did not, call to the trial court's attention at a time when the trial court could have corrected the problem." (Traverse, ECF No. 31, PageID 1097-98, citing *State v. Glaros,* 170 Ohio St. 471, paragraph one of the syllabus (1960).)

This rule is discretionary with the Supreme Court of Ohio and not jurisdictional. That is, that court can disregard a waiver in the Court of Appeals and consider a constitutional question where there is plain error or the rights and interests involved warrant doing so. *In re M.D.*, 38 Ohio St. 3d 149, syllabus (1988). If the Supreme Court of Ohio had taken jurisdiction of the case and decided the selective prosecution issue, then the issue would have been preserved for habeas corpus review even if the Fifth District had not decided it.

> If Ohio had exercised its discretion to consider respondents' claim, then their initial default would no longer block federal review. See *Mullaney v. Wilbur, supra,* 421 U.S., at 688, n. 7, 95 S.Ct., at 1884, n. 7; *Ulster County Court v. Allen,* 442 U.S. 140, 147–154, 99 S.Ct. 2213, 2219–2223, 60 L.Ed.2d 777 (1979). Our opinions, however, make clear that the States have the primary responsibility to interpret and apply their plain-error rules. Certainly we should not rely upon a state plain-error rule when the State has refused to apply that rule to the very sort of claim at issue.

*Engle,* 456 U.S. at 135 n.44. But the Supreme Court of Ohio did not take jurisdiction of the case and decide the selective prosecution issue. As *Engle* clarifies, the existence of discretion to hear

a constitutional issue does not avail a habeas petitioner when the Ohio Supreme Court did not exercise that discretion.

Petitioner argues that Ohio recognizes an exception to this general rule for plain error (Traverse, ECF No. 31, PageID 1094-95 (citations omitted).) That is correct, but an Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000) (plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Second, the Fifth District applied this rule to Hosseinipour's selective prosecution claim. *Hosseinipour, supra,* at ¶ 27. It did not proceed to conduct a plain error review because there was no record on which to do so. *Id.* at ¶ 30.

Petitioner argues at length that his failure to raise this claim in the trial court was treated by the Fifth District as failure to make a contemporaneous objection. But it is much more than that. An egregious error in a reasonable doubt instruction or a failure to object to an instance of prosecutorial misconduct in final argument might reasonably be reached on plain error review. But selective prosecution is an affirmative defense. Respondent quotes the standard for proving this defense:

> To state a claim of selective prosecution, a plaintiff must allege the following:
>
> First, [the state actor] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for

> prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, he must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.
>
> *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir.1997) (quoting *United States v. Anderson*, 923 F.2d 450, 453 (6th Cir.1991)). To prove the first element, Plaintiffs must show that similarly situated persons outside their category were not prosecuted. *Id.* "Furthermore, there is a strong presumption that the state actors have properly discharged their official duties, and to overcome that presumption the plaintiff must present clear evidence to the contrary; 'the standard is a demanding one.'" Id. (quoting *United States v. Armstrong*, 517 U.S. 456, 463, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)).

(Return of Writ, ECF No. 11, PageID 75.)

In arguing this assignment of error to the Fifth District, Hosseinipour did not begin to satisfy this legal standard. He argued, without citation to any record evidence, that "a large proportion of its [American society's] young people … send nude or partially nude cell-phone photos of themselves," and argues "what kind of justice system turns a blind eye to millions of 'violators' while selectively prosecuting a few." (Appellant's Brief, State Court Record, ECF No. 11-1, Exhibit 30, PageID 399). It cannot be discerned from this argument what Petitioner's discrimination argument is. That is, he does not identify any group to which he belongs which was singled out for prosecution. Perhaps few of the millions of teenagers who take semi-nude selfies are the subject of complaints. Perhaps the Delaware County Prosecutor receives few of such complaints connected to a rape allegation. As the Fifth District held, there is no evidence on which even to conduct a plain error review of the selective prosecution claim.

Ohio's rule that issues must be presented to the trial court to be preserve for appeal is certainly independent of federal law, so the Fifth District's decision meets that prong of the *Maupin*

analysis.

Petitioner's counsel suggests that the procedural default can be excused by showing it resulted from ineffective assistance of trial counsel (Traverse, ECF No. 31, PageID 1107.)  This is certainly brave on her part since she was the trial attorney who failed to raise this claim (See, e.g., Motion to Suppress, State Court Record, ECF No. 11-1, Exhibit 16, PageID 180 *et seq.*)  But ineffective assistance of trial counsel can only be used to excuse a procedural default if the ineffective assistance of trial counsel claim has itself not been procedurally defaulted by failure to raise it in the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  Such a claim was never raised in the state courts in this case and therefore cannot serve to excuse the procedural default found by the Fifth District.

Grounds Three and Eight are procedurally defaulted by failure to present selective prosecution as a claim in the trial court.  Because of the procedural default, the Court need not consider Respondent's waiver argument.  Grounds Three and Eight should therefore be dismissed with prejudice.

**Grounds Four, Nine, and Ten:  Unconstitutional Searches**

In his Fourth Ground for Relief, Hosseinipour claims his Fourth and Fourteenth Amendment rights[3] were violated by the State's searches of his home, computers, and personal digital assistant because the searches exceeded the scope of the warrants and were otherwise defective and he did not consent to the searches.  In his Ninth Ground for Relief, he attacks the

---

[3] Hosseinipour also claims violation of his Ohio constitutional rights, Ohio R. Crim. P. 41, and Ohio Revised Code §§ 2933.23. 2933.24, and 2033.25 (Petition, ECF No. 2-3, PageID 28.)  Because federal habeas corpus relief is available only for violations of the Federal Constitution, these claims are not cognizable in this case.

searches on grounds the warrants were "general" warrants in that they violated the particularity requirement of Fourth Amendment, were based on prior manipulation of computers, and were done without consent. In his Tenth Ground for Relief, he claims the searches here exceeded the scope of the warrants (Petition, ECF No. 2-3, PageID 27-28, 38, 39.)

Respondent asserts these claims are barred from review by *Stone v. Powell* (Return of Writ, ECF No. 11, PageID 83, citing 428 U.S. 465, 494 (1976).) The Traverse does not discuss *Powell*.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone,* 428 U.S. at 494. *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. From the record, it is clear Hosseinipour was able to use the Ohio motion to suppress

system to present his Fourth Amendment claims to the trial court. Those claims were not waived by his no contest plea and were presented to the Fifth District as his Fourth Assignment of Error and decided by that court on the merits. *State v. Hosseinipour, supra*, ¶¶ 26-34. Because Ohio provided Hosseinipour with an adequate opportunity to raise and have his Fourth Amendment claims adjudicated, those claims are not cognizable in this Court. Therefore, Ground Four, Nine, and Ten should be dismissed.

**Ground Five: Sentence Imposed in Disregard of the Presentence Investigation Report**

In his Fifth Ground for Relief, Hosseinipour claims his sentence of twenty-four months on each count ignored the Presentence Investigation Report and was unreasonable and disproportional to the offense. His entire argument in support of this claim reads:

> The court in this matter completely ignored the P.S.I. The sentence was unreasonable and not proportional to the offense. There is no evidence of violence. Defendant has no criminal record. He has been a professional for 35 years. The circumstances of the offense were not likely to reoccur.

(Petition, ECF No. 2-3, PageID 32.) There is no constitutional right to have a presentence investigation or a requirement that the sentencing judge follow its recommendations.

> {¶ 50} Appellant claims the trial court erred in sentencing him to two years on each count, to be served concurrently. We disagree.

> {¶ 51} Appellant argues the trial court completely disregarded the presentence investigation report as he had no criminal record and there was no evidence of violence. Therefore, the sentences were unreasonable and disproportional.

> {¶ 52} Appellant was convicted of two counts of attempted illegal use of a minor in nudity oriented material or performance, felonies of the third degree. Pursuant to R.C. 2929.14(A)(3)(b), felonies of

21

the third degree shall be punishable by "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months."

{¶ 53} In sentencing appellant to twenty-four months on each count, the trial court considered the presentence investigation report among other things, and found appellant did not show remorse, was in a position of trust with the victim who was a minor,and was fifty-three years old with a legal education and was "very bright." Judgment Entry on Sentence filed May 14, 2013. The trial court weighed all of the factors before it and sentenced appellant to less than the maximum.

{¶ 54} Appellant took advantage of his position of trust with the victim. February 5, 2012 T. at 46. He was aware that the victim was fifteen years old as he had attended her fifteenth birthday party a few months prior to the sending of the photographs. *Id*. at 26, 29. Appellant saved the photographs and transferred them to various computers. *Id*. at 25, 27-28. A review of the presentence investigation report confirms these facts.

{¶ 55} Upon review, we find the sentences were not contrary to law, and were not an abuse of discretion. R.C. 2953.08(G)(2); *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 5 Ohio B. 481, 450 N.E.2d 1140 (1983).

*State v. Hosseinipour, supra.* In rejecting this Assignment of Error, the Fifth District found as a matter of historical fact that the trial judge did consider the PSI. *Id.* at ¶ 53.

Respondent urges that Ground Five is procedurally defaulted because it was never fairly presented to the Fifth District as a federal constitutional claim. Petitioner mentioned the Eight Amendment in his Fifth Assignment of Error, but cited no law at all in his argument. In fact, his argument on the Fifth Assignment is a verbatim copy of his argument on Ground Five in his Traverse (See Appellant Brief, State Court Record, Exhibit 30, ECF No. 11-1, PageID 413.)

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis

of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), , overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The "claim must be fairly presented at every stage of the state appellate process." *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d at 236 (6th Cir. 2006). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995). Precisely the same could be said of labeling a sentence "disportional [sic]."

Ground Five should be dismissed as procedurally defaulted for failure of fair presentation to the Ohio courts.

**Ground Seven:  Overbreadth**

In his Seventh Ground for Relief, Hosseinipour claims the statute under which he was convicted is overbroad and therefore violates the First Amendment.  This claim is adequately dealt with under Ground One above.  For the reasons given there, the Fifth District's interpretation of *Osborne* is not objectively unreasonable.  Ground Seven is without merit and should be dismissed.

**Ground Eleven:  Merger of Allied Offenses**

In his Eleventh Ground for Relief, Hosseinipour asserts that conviction on both counts violates his right to protection from Double Jeopardy.  However, in his Traverse, he argues Ground Eleven as a violation of the Ohio allied offense statute, Ohio Revised Code § 2941.25 (ECF No. 31, PageID 1161-64.)  He argued this claim in the trial court merely as a matter of violation of the allied offenses statute, and not as a matter of Double Jeopardy (See Motion to Merge Counts, State Court Record, ECF No. 11-1, Exhibit 24, PageID 248 *et seq.*)  On direct appeal, he did not cite either Ohio Revised Code § 2941.25 or the constitutional double jeopardy protections.  The Fifth District's opinion does not discuss either the allied offenses statute or double jeopardy.

The Magistrate Judge concludes Ground Eleven is procedurally defaulted by failure to fairly present it to the Fifth District Court of Appeals on direct appeal.  It should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to

proceed *in forma pauperis*.

February 4, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). **The parties are cautioned that, because of the age of this case, no extensions of time to object will be granted.**