# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MORTEZA S. HOSSEINIPOUR,

      Petitioner,    :  Case No. 2:15-cv-2934

  - vs -           District Judge James L. Graham
                 Magistrate Judge Michael R. Merz

JEFF NOBLE, Warden,
 Richland Correctional Institution

                :

      Respondent.

## OPINION AND ORDER

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 39) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 33). Having conducted a *de novo* review of those portions of the Report to which objection is made, the Court rules as set forth below.

**Grounds One, Three, and Six: Unconstitutionality of the Relevant Statute for Vagueness and Overbreadth**

The Report analyzes Grounds for Relief One, Three, and Six as claiming that the statute under which Petitioner was convicted, Ohio Revised Code § 2907.323, is unconstitutionally vague and overbroad. The Magistrate Judge concluded that the disposition of those claims by the Fifth District Court of Appeals was not an objectively unreasonable application of the relevant Supreme Court precedent, *Osborne v. Ohio*, 495 U.S. 103 (1990) (Report, ECF No. 33, PageID 1221). Agreeing that *Osborne* is the relevant precedent, Petitioner nonetheless objects that the Fifth District's application of it is objectively unreasonable.

1

Ohio Revised Code § 2907.323(A)(1), as relevant here, makes it a crime, among other things, to "create, direct, produce, or transfer any material or performance that shows [a] minor in a state of nudity," with exceptions that are not claimed to be applicable. The Fifth District found that the convictions here "stemmed from two photographs sent to [Hosseinipour] from a fifteen year old girl," one of which depicted her topless and one of which depicted her exposed nipple. *State v. Hosseinipour*, 5th Dist. No. 13 CAA 05 0046, 2014-Ohio-1090, ¶ 11 (Mar. 18, 2014), appellate jurisdiction declined, 139 Ohio St. 3d 1485 (2014). In the Fifth District, Hosseinipour had argued that, to satisfy the "state of nudity" element as approved in *Osborne*, the State had to show that the pictures included a "lewd exhibition of the genitals." *Id*. The Fifth District found that this argument did not comport with the holding in *Osborne*; rather, the State could show either a "lewd exhibition" **or** "a graphic focus on the genitals" under the Supreme Court of Ohio's interpretation of the statute, and neither element was vague or overbroad. *Id*. at ¶ 14 (emphasis added), quoting *Osborne*, 495 U.S. at 113.

The Report concluded

> It is clear from the Fifth District's findings that the photographs which are the basis of Hosseinipour's conviction do not have a graphic focus on the genitals. Instead, they were found to be a "lewd exhibition" of a minor in a state of nudity. It is uncontested that the person photographed was a minor at the time the photographs were taken and that the photographs depict "a female breast with less than a full, opaque covering of any portion thereof below the top of the nipple." [*State v.*]*Young* [37 Ohio St. 3d 249 (1988)] construed the statute to cover this conduct, *Osborne* held the statute was not overbroad, and the Fifth District applied both to deny this claim.

(ECF No. 33, PageID 1221.)

Hosseinipour objects: "The central argument here, which the R&R seems to miss, is that the 'lewd exhibition test' is too vague to serve as any workable limit." (Objections, ECF No. 39, PageID 1250.) The *Osborne* Court held that this statute, interpreted by the Supreme Court of Ohio

as requiring only a "lewd exhibition" or "graphic focus on the genitals," is not overbroad, and that Osborne, along with the general public, had received constitutionally adequate notice that his conduct was criminal. 495 U.S. at 116. The purport of the vagueness doctrine is that it does not give citizens sufficient notice of what conduct is being criminalized. *Chicago v. Morales,* 527 U.S. 41, 56 (1999). The Supreme Court in *Osborne* held that this very language under which Hosseinipour was prosecuted does give sufficient notice. 495 U.S. at 116. To prevail in habeas corpus, Hosseinipour must show that the state courts' application of *Osborne* was objectively unreasonable. He has not done so. It is not enough to show that there are good arguments for why "lewd exhibition" is unconstitutionally vague. A habeas court is not free to adopt its own evaluation of a constitutional question. Rather, it may grant relief only if the state courts' application of Supreme Court precedent is objectively unreasonable. Petitioner's Objections on Ground One are OVERRULED.

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Petitioner argued he was convicted on insufficient evidence, against the weight of the evidence, and on application of the incorrect legal standard as to what conduct violates the relevant statute.

The Report concluded that the manifest weight argument did not state a claim under the Constitution, and that the insufficient evidence claim was procedurally defaulted because it was omitted on direct appeal to the Supreme Court of Ohio (Report, ECF No. 33, PageID 1222). As to the balance of Ground Two, the Report found the argument was essentially the same as in Ground One, to wit, that the Fifth District had misapplied *Osborne*. The Report recommended dismissing this portion of Ground Two on the same basis as Ground One.

In his Objections, Petitioner acknowledges that a manifest weight argument does not state a federal constitutional claim (ECF No. 39, PageID 1261).

As to the Report's procedural default analysis, the Objections admit that the words "insufficiency of the evidence" were not used in a separate proposition of law in his Memorandum in Support of Jurisdiction in the Supreme Court of Ohio. He asserts he can show excusing cause and prejudice from the fact that the Supreme Court of Ohio has a "strict 15-page limit that restrict[s] a thorough examination of every issue in the case[.]" (Objections, ECF No. 39, PageID 1266). Petitioner cites no case law accepting this argument, and none is known to the Court. If that exception to the exhaustion requirement were accepted, a habeas petitioner could bring any number of issues that had been omitted at the supreme court level because of space limits, thereby eviscerating the exhaustion requirement.

In the argument actually made to the Supreme Court of Ohio and repeated in Ground Two, Petitioner claims that the evidence against him – two photographs of a semi-nude fifteen-year-old girl – are insufficient to convict because construing them to constitute "lewd exhibition" violates his right to know what kind of conduct the Ohio criminal law prohibits, the same right to know protected by the vagueness doctrine. But, as held above with respect to Ground One, *Osborne* found that this statute was not void for vagueness.

Petitioner's Objections as to Ground Two are OVERRULED.

**Grounds Three and Eight: Selective Enforcement**

In his Third and Eighth Grounds for Relief, Petitioner claims that he is the victim of selective enforcement. The Fifth District Court of Appeals refused to hear this claim on direct appeal because it had not been raised in the trial court; the Report recommended dismissal on that

basis (ECF No. 33, PageID 1224-31).

Petitioner objects that the Fifth District did address these claims to some extent (ECF No. 39, PageID 1268). As the Report pointed out, the Fifth District addressed the assignment of error raising this claim, but only to refuse to address the merits because there was no record on which to conduct even a plain error review. (ECF No. 33, PageID 1227-28, quoting *State v. Hosseinipour*, 2014-Ohio-1090, at ¶ 30).

Petitioner asserts the procedural default is excused by the ineffective assistance of trial counsel in omitting it (Objections, ECF No. 39, PageID 1268). However, as the Report notes, before a claim of ineffective assistance of trial counsel can be used to excuse a procedural default, the ineffectiveness claim must itself be properly presented to the state courts (ECF No. 33, PageID 1231, citing *Edwards v. Carpenter*, 529 U.S. 446 (2000)). The claim of ineffective assistance of trial counsel for not raising selective enforcement in the trial court has never been presented to the Ohio courts for adjudication.

Petitioner also claims his procedural default must be excused because it would be a "miscarriage of justice" to fail to decide this claim in habeas (Objections, ECF No. 39, PageID 1258). Petitioner cites no authority for this "miscarriage of justice" exception to procedural default. The Supreme Court has held that "avoid[ing] a miscarriage of justice as defined by our habeas corpus jurisprudence" requires "a strong showing of actual innocence." *Calderon v. Thompson*, 523 U.S. 538, 557, 558 (1998). Petitioner implicitly recognizes this by claiming "Jane Doe is not posing provocatively and she is not engaged in a 'lewd exhibition' – whatever that means." (Objections, ECF No. 39, PageID 1269). On this point the Fifth District found

> We conclude the photographs depict nudity. As to a lewd exhibition, the subject is posed; therefore, the photographs are an exhibition. The posed partially clothed subject is not in a normally posed fashion. The poses are inherently sexual as the subject arched her back and fully exposed her breasts. These photographs are similar to images portrayed in "Playboy" whose main purpose is to exhibit sexual behavior that approaches sexual innuendo.

*State v. Hosseinipour*, 2014-Ohio-1090, at ¶ 23. It is certainly possible to imagine photographs of naked children that are not lewd, for example, of refugee children fleeing an active war zone. Anyone with even a fleeting acquaintance with the magazine that made Hugh Hefner a multimillionaire knows the difference. Petitioner did not seek a jury determination of whether these photographs were a lewd exhibition or not. Instead, he pleaded no contest and allowed the trial judge to decide that question, subject to appeal. Given the double deference required by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, petitioner has not made a strong showing of actual innocence.

**Grounds Four, Nine, and Ten: Unconstitutional Searches**

In his Fourth, Ninth, and Tenth Grounds for Relief, Petitioner asserts he was convicted on unconstitutionally seized evidence. The Report accepted Respondent's position that habeas review of these claims was barred by *Stone v. Powell*, 428 U.S. 465 (1976) (ECF No. 33, PageID 1232-33).

Having failed to discuss *Stone* in his Traverse, Petitioner now alleges "*Stone v. Powell* concerns an illegal arrest, and not an illegal search." (Objections, ECF No. 39, PageID 1270). On the contrary, the holding of *Stone* is that federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and

6

fair opportunity to litigate that question in the state courts. 428 U.S. at 495.

Petitioner cites *Machacek v. Hofbauer* (Objections, ECF No. 39, citing 213 F.3d 947, 952 (6th Cir. 2000)). The *Machacek* court followed *Riley v. Gray*. 213 F.3d at 952 (citing 674 F.2d 522 (6th Cir. 1982)). In *Riley*, the Sixth Circuit concluded *Stone* requires the district court to determine whether state procedure in the abstract provides a full and fair opportunity to litigate, and Ohio procedure does. 674 F.2d at 526. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Applying *Stone* and *Riley*, the Report concluded Hosseinipour's Fourth Amendment claims were not cognizable in habeas (ECF No. 33, PageID 1232-33.)

Petitioner urges this Court to adopt a "narrower interpretation of *Stone*" in line with *Gamble v. Oklahoma* (Objections, ECF No. 39, PageID 1270-71, quoting 583 F. 2d 1161, 1165 (10th Cir. 1978)). *Gamble* is prior to both *Riley* and *Mahacek*, so it was available to the Sixth Circuit should that court have chosen to follow it. In *Good v. Berghuis*, 729 F.3d 636, 639-40 (6th Cir. 2013), the Sixth Circuit flatly rejected the requirement for an evidentiary hearing that the *Gamble* court had recognized. This Court is of course bound by Sixth Circuit precedent. Petitioner's Objections on Grounds Four, Nine, and Ten are OVERRULED.

**Ground Five: Sentence Imposed in Disregard of Presentence Investigation Report**

In his Fifth Ground for Relief, Petitioner asserted his sentence was unreasonable and disproportional to the offense of conviction. The Report recommended that this claim be dismissed as procedurally defaulted because it had not been fairly presented to the state courts (ECF No. 33, PageID 1235).

Petitioner objects to this application of the fair presentation requirement, claiming he made

7

the same argument he makes here to the Fifth District (Objections, ECF No. 39, PageID 1271-72, citing Appellant's Brief, State Court Record ECF No. 11-1, Ex. 30, PageID 413).

Petitioner's entire argument on his Fifth Assignment of Error reads:

> 5. The trial court erred to the prejudice of Defendant by sentencing the defendant to 2 years on each F3, completely ignoring the P.S.I. This sentence violated Defendant's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, §§1, 5, 9, 10, 16 and 20 of the Ohio Constitution.
>
> The court in this matter completely ignored the P.S.I. The sentence was unreasonable and not proportional to the offense. There is no evidence of violence. Defendant has no criminal record. He has been a professional for 35 years. The circumstances of the offense are not likely to reoccur.

(Appellant's Brief, State Court Record ECF No. 11-1, Ex. 30, PageID 413). There is no citation of any federal case law or state case law applying federal constitutional principles. Simply listing the Amendments to the United States Constitution under which one is making a claim is not sufficient. The Report quotes *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995), for the proposition that "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." (ECF No. 33, PageID 1235.) The Court agrees and OVERRULES Petitioner's Objections as to the Fifth Ground for Relief.

**Ground Seven: Overbreadth**

In his Seventh Ground for Relief, Petitioner claims the statute under which he was convicted is overbroad and therefore violates the First Amendment. The Report concluded this claim was adequately dealt with under Ground One above and recommended dismissal on the same basis (ECF No. 33, PageID 1235). The Objections to the Report on this Ground for Relief merely incorporate by reference the arguments made as to Ground One.

For the reasons given above as to Ground One, Petitioner's Objections as to Ground Seven

are OVERRULED.

**Ground Eleven: Merger of Allied Offenses**

In his Eleventh Ground for Relief, Petitioner asserts that his conviction on both of the counts to which he pleaded no contest violates his rights under the Double Jeopardy Clause. The Report recommended dismissal for lack of fair presentation, noting Petitioner had not mentioned either the Double Jeopardy Clause or Ohio Revised Code § 2941.25 on direct appeal (ECF No. 33, PageID 1236).

In his Objections, Hosseinipour does not dispute the factual accuracy of the Report on this point. Instead, he claims he raised this claim in his Motion to Merge (Objections, ECF No. 39, PageID 1273, citing Motion to Merge, State Court Record, ECF No. 11-1, Ex. 24, PageID 248-49, 251-52). The document cited, however, is a trial court motion. Petitioner offers no showing that this claim was carried forward on direct appeal. Raising a claim in a state trial court is not sufficient to preserve it for habeas review; the claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009). The Report is correct in finding this claim procedurally defaulted.

Petitioner argues the procedural default is excused by his appellate attorney's ineffectiveness in not including the claim. Ineffective assistance of appellate counsel can excuse procedural default on appeal, but the claim of ineffective assistance of appellate counsel must first be properly submitted to the state courts. *Edwards v. Carpenter*, 529 U.S. 446 (2000). The sole method for presenting an ineffective assistance of appellate counsel claim to the Ohio courts is through an application for reopening under Ohio R. App. P. 26(B) and no such application has ever been made in this case. Petitioner's objections on Ground Eleven are OVERRULED.

9

**Objections to Conclusion**

Petitioner's objects generally to the Report's conclusions and asks the Court to at least grant a certificate of appealability (ECF No. 39, PageID 1274). However, Petitioner offers no showing that reasonable jurists would disagree with the Report's conclusions, which is the test for granting a certificate of appealability.

**Conclusion**

Petitioner's Objections to the Report are OVERRULED and the Report (ECF No. 33) is ADOPTED. The Petition is DISMISSED WITH PREJUDICE and the Clerk will enter judgment to that effect, terminating this case on the docket. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


Date: March 11, 2019.

    s/James L. Graham
James L. Graham
United States District Judge